EDWARDS, Judge.
Woodrow W. “Woody” Dumas, Mayor-President of the City of Baton Rouge, Parish of East Baton Rouge, and thirteen other named defendant officials, appeal a trial court judgment enjoining them from doing any act which would lead to changing the name of East Boulevard in Baton Rouge under Parish Ordinance 5475 and City Ordinance 4209. We reverse and render.
As the result of a petition filed by Raymond P. Scott and seventeen other named plaintiffs, the trial court enjoined defendants from changing part of East Boulevard to Thomas H. Delpit Drive on the ground “that the name change was effected for purely political considerations” and to bring about harmony between two opposing political factions. In written reasons for judgment, the court stated “counsel for the defendants stipulated in argument that no governmental purpose was put forth as a basis for the name change. Under those circumstances, the validity of the ordinance cannot be sustained.”
A careful examination of the record shows that there was a valid purpose behind Ordinances 5475 and 4209 — to honor Thomas Henry Delpit for his contributions to the community. In fact, the trial judge himself elicited that purpose from Councilman Howard Marsellus, Jr., one of the defendants. Furthermore, defense counsel never stipulated that the ordinances had “no governmental purpose^)” Counsel merely stipulated that one witness, Charles McKuen, received a certain letter (P-1) from Councilman Marsellus. In that letter, Mr. Marsel-lus urged that the name change would both bring the community together and honor Thomas Delpit. Regardless of political motives, each of these reasons provides a valid governmental purpose for the proposed name change.
The ordinances in question were passed only after all the procedural requirements were met and, regardless of the wisdom of giving portions of the same street three different names, were certainly within the power of the City-Parish government, express or implied, to adopt.
For the foregoing reasons, the trial court judgment appealed from is annulled and reversed. Plaintiffs’ petition is hereby dismissed and all costs, both trial and appellate, are to be paid by plaintiffs-appellees.
REVERSED AND RENDERED.